**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES ROBERT KILLINGSWORTH,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-2552-M** |
| | ) | |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.  Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for robbery. *State of Texas v. Charles Robert Killingsworth*, No. 29663 (196th Dist. Ct., Hunt County, Tex., Oct. 15, 2014). Petitioner was sentenced to twenty-five years in prison. He filed a direct appeal, but later voluntarily dismissed the appeal.

On March 11, 2015, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Killingsworth*, Application No. 83,120-01. On April 29, 2015, the Court of Appeals denied the petition without written order.

Page -1-

On June 2, 2015, Petitioner filed this federal petition.  He argues:

1.      He received ineffective assistance of counsel;

2.      The trial court abused its discretion when it denied his motion for

        continuance; and

3.      He was not competent at the time of his plea agreement.

On December 4, 2015, Respondent filed her answer.  On January 15, 2016, Petitioner

filed a reply.  The Court now finds the petition should be denied.

## II.  Factual Background

Scotty Hanks, a Walmart employee in asset protection, was working at the Commerce,

Texas, store on January 16, 2014.  (Trial Tr. Vol. 9 at 26-27.)  Hanks observed Petitioner select

and conceal several items from the sporting goods department, including a gun holster, $CO_2$

cartridges, flashlight, and walkie-talkies.  (*Id*. at 33-35.)  Petitioner then walked past the front

registers a few times and finally walked out the front doors of the store.  (*Id*. at 35-36.)  Hanks

and assistant store manager, Jeremy Gregg, followed Petitioner out of the store and attempted to

stop him.  (*Id*. at 36-37; 68-69.)  Hanks testified that Petitioner told Hanks and Greg to stop

following him, or he would shoot.  (*Id*. at 32, 38, 60-61, 69-71.)  Hanks did not see a weapon, but

he and Gregg stopped following Petitioner. (*Id*. at 60.)  Petitioner fled into the woods behind the

store.  (*Id*. at 38, 74.)

Petitioner was apprehended by Commerce police officers and returned to the store.

Hanks identified Petitioner as the person he saw earlier who fled the scene.  (*Id*. at 39, 57.)

### III.  Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)      An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> > (1)      resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)      resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id.*

**2.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel.  To sustain a claim of

ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was

deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his first and second trial attorneys were ineffective. He states his first attorney, Christopher Graham, failed to review discovery material, failed to sufficiently meet with him, and failed to prepare an insanity or diminished capacity defense. He also states his second attorney, Daniel Counsel, was not provided sufficient time to prepare for trial, or to investigate an insanity or diminished capacity defense.

The record shows attorney Daniel Counsel represented Petitioner at trial. Petitioner was convicted by a jury and was sentenced to 99 years in prison. Petitioner then filed a motion for new trial arguing that attorney Graham was ineffective and that attorney Counsel did not have sufficient time to prepare for trial. After filing the motion, the State and Petitioner entered into a plea agreement whereby the guilty verdict remained intact, but Petitioner received the statutory

minimum sentence of twenty-five years, and Petitioner waived his right to appeal.  (*Ex parte Killingsworth* at 68-70.)

Additionally, Petitioner's own expert submitted reports finding that Petitioner was sane at the time of the offense, and that he was competent to stand trial.  (*Ex parte Killingsworth* at 78, 80.)  Further, Petitioner's expert stated:

> While he does describe some symptoms of mental illness, it is not convincing.  His description does not match actual symptoms of the illness and he appears to be attempting to manipulate his way out of another jail sentence . . . .

(*Ex parte Killingsworth* at 77.)  Petitioner has submitted no evidence that he was insane at the time of the offense, or that he was incompetent at the time of trial or sentencing.  He has therefore failed to establish his attorneys rendered deficient performance and that he suffered the required *Strickland* prejudice.  His claims should be denied.

**3.      Abuse of Discretion**

Petitioner claims his conviction and sentence are unlawful because the trial court abused its discretion when it denied his defense attorney's motion for a trial continuance.  Petitioner claims the denial of the continuance caused his attorney to have insufficient time to prepare an insanity or diminished capacity defense, and obtain his medical records.

As discussed above, Petitioner's own expert determined he was sane at the time of the offense and that he was competent to stand trial.  Although Petitioner states he was on medication at the time of sentencing, and that after he was sentenced to twenty-five years he was diagnosed as schizophrenic with major depression, Petitioner has failed to establish that this rendered him incompetent or insane at the time of the offense.  Petitioner's claim is conclusory and should be

denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere

conclusory allegations do not raise constitutional issues in habeas proceedings).

**4.      Competency**

Petitioner claims he had a diminished mental capacity during sentencing because he did

not start taking his mental health medication until the day before he entered his plea agreement,

and that the medication takes longer than one day to start working.  (Pet. at 18.)

Petitioner's expert, however, found Petitioner to be competent.  Petitioner has submitted

only his own conclusory statement that he was not competent to entered into the plea agreement.

His claim should be denied.

**5.      Reply**

In his reply, Petitioner raises the new claim that the trial court did not have jurisdiction to

accept the plea agreement because Petitioner's motion for new trial was overruled by operation of

law.  Petitioner, however, has failed to show he exhausted his state court remedies for this claim.

A federal court will ordinarily not review a claim where a petitioner has not presented his

claim to the highest court of the state and the state court to which he would be required to present

his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S.

722, 729-31 (1991).

The record reflects that Petitioner failed to raise this claim in either a petition for

discretionary review or his state habeas petition.  Accordingly, the Texas Court of Criminal

Appeals has not reviewed the claim.  If this Court were to require Petitioner to return to state court

to exhaust this claim, it would be subject to dismissal because it is too late for Petitioner to file a

petition for discretionary review and a second state habeas petition would be subject to an abuse-of-the-writ dismissal.

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**6.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 21st  day of September,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).